# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AMRITHA MURALEEDHARAN NAIR SASIKALA,<br>   405 N. Wabash Avenue<br>   Apt. 2306<br>   Chicago, IL 60611<br><br>           Petitioner(s)<br><br>        v.<br><br>KEVIN K. MCALEENAN, in his official capacity, Acting Secretary, U.S. Department of Homeland Security;<br>L. FRANCIS CISSNA, in his official capacity, Director, U.S. Citizenship and Immigration Services;<br>   245 Murray Lane, SW<br>   Mail Stop 0485<br>   Washington, DC 20528-0485<br><br>WILLIAM P. BARR, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>          Respondent(s). | Civil Action No **1:19-cv-1285** |

## PETITIONER'S ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF MANDAMUS, DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

Hashim G. Jeelani, Attorney for Petitioner, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

## INTRODUCTION

COMES NOW Amritha MURALEEDHARAN NAIR SASIKALA (hereinafter "SASIKALA" or "Petitioner") the Petitioner, by and through the undersigned attorney, in the above cause, and states as follows:

1.      This action is brought as a result of the following: (1) Respondents' unauthorized changing of Petitioner's immigration status from an F1 student to an H-1B Non-Immigrant Worker and (2) Respondents' arbitrary and unlawful adjudication of Petitioner's Form I-539, Application to Change Non-Immigrant Status.

2.      Respondents are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. "hereinafter "APA") in that they failed to recognize the timely withdrawal and automatic revocation of the H-1B petition filed on behalf of the Petitioner and subsequently changed her status to that of an H-1B employee. Respondents are in further violation of the APA in that they acted in an arbitrary and capricious manner and contrary to the law in denying Petitioner's request to have her immigration status correctly changed back to that of an F1 Student with employment authorization. As such, this action is brought to compel Respondents and those acting under them to take action to retroactively grant or reinstate Petitioner's previously approved F1 status with employment authorization.

## PARTIES

3.      Petitioner SASIKALA is a citizen of India and resides, for the purposes of this suit, in Cook County, Illinois. SASIKALA entered the United State on an F1 Student Visa and was most recently approved for employment authorization through Optional Practical Training (OPT) valid until February 5, 2020.   Her status was changed by United States Citizenship and Immigration Services on October 1, 2018 to an H-1B Non-immigrant Worker.

4.      Respondent Kevin K. MCALEENAN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Respondent MCALEENAN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

5.      Respondent L. Francis CISSNA is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

6.      Respondent William P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioner. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Petitioner is seeking judicial review of actions taken by one or more of the Respondents which are in violation of law, contrary to the applicable regulations, and arbitrary and capricious.

8.      Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

9.      The USCIS decision dated April 16, 2019 denying Petitioner's Form I-539, Application

for Change of Status constitutes a final agency action under the APA, 5 U.S.C. § 701 *et seq*.

Neither the Immigration and Nationality Act nor DHS regulations at 8 C.F.R. § 103.3(a) require

an administrative appeal of the denial.   Accordingly, Petitioner has no further administrative

remedies to exhaust.

## FACTUAL ALLEGATIONS

10.     On August 14, 2015, Petitioner SASIKALA entered the U.S. States pursuant to an F1

Student Visa to pursue a Master's degree program in Computer Systems Analysis at the

University of Illinois at Springfield.

11.     In May of 2017, Petitioner received her Master's Degree in Computer Systems Analysis.

12.     In February of 2017, Petitioner was approved for Optional Practical Training ("OPT")

pursuant to 8 C.F.R. §214.2(f)(10)(ii), which allows for full-time, temporary employment of an

F1 Student for training directly related to the student's major area of study.

13.     Thereafter in February of 2018, Petitioner was approved for a 24-month extension of

OPT pursuant to 8 C.F.R. §214.2(f)(10)(ii).   This period of full-time, employment authorization

for OPT was valid until February 5, 2020.

14.     In March of 2018, Petitioner was offered a position in a "specialty occupation" by a

prospective employer, Advanced Technology Services, Inc. (hereinafter "ATS").

15.     ATS, after completing the pre-requisite filings with the Department of Labor, filed a

Form I-129, Petition for a Non-Immigrant Worker ("Form I-129") with USCIS to classify the

offered position as an H-1B specialty occupation. 8 U.S.C. § 1101(a)(15)(H)(i)(b).

4

16.    Concurrently with the request to classify the position as an H-1B specialty occupation, the employer requested on the Form I-129 to "change the status" of the employee from an F1 Student to that of an H-1B Non-immigrant.

17.    Notably, USCIS does not require in any document or filing associated with Form I-129, or any other required filings for the H-1B process, to even acknowledge or confirm that the employee has provided any authorization for the requested change of his or her status.  Further, no section of the Form I-129, wherein a change of a prospective employee's status is requested by the employer, requires any signature by the employee confirming this change request.

18.    On May 7, 2018, USCIS approved the ATS Form I-129 H-1B petition.

19.    On May 7, 2018, USCIS also approved the employer's request for a future change of status for SASIKALA starting October 1, 2018, a date nearly five months later.  [**EXHIBIT A**, *Form I-129 Approval Notice*].

20.    The aforementioned May 7, 2018 approval notice and its future validity date reflects the "cap" established by Congress which allows for the issuance of a limited 65,000 regular H-1B's and 20,000 Master's H-1B's each fiscal year.  The total of 85,000 H-1B's were issued with employment beginning no sooner that the start of the fiscal year, October 1, 2018.  *See* 8 U.S.C. § 1184(g).

21.    In or around June of 2018, and three months prior to the effective date of the H-1B petition and the change of status taking place, ATS notified SASIKALA that they were unable to offer the H-1B position to her as petitioned for and that they would notify USCIS of their intent to withdraw the same.

22.    The governing regulation, 8 CFR § 214.2(h)(11)(i), provides the following notice requirements of an H-1B employer:

(11) *Revocation of approval of petition*—(i) *General.* (A) The petitioner shall immediately notify the Service of any changes in the terms and conditions of employment of a beneficiary which may affect eligibility under section 101(a)(15)(H) of the Act and paragraph (h) of this section. An amended petition on Form I-129 should be filed when the petitioner continues to employ the beneficiary. ***If the petitioner no longer employs the beneficiary, the petitioner shall send a letter explaining the change(s) to the director who approved the petition.*** However, H-2A and H-2B petitioners must send notification to DHS pursuant to paragraphs (h)(5)(vi) and (h)(6)(i)(F) of this section respectively.

23.     In keeping with the regulatory requirements of 8 CFR § 214.2(h)(11)(i)(A), on June 25, 2018, three months prior to the effective date of the H-1B petition and the change of status taking place, ATS mailed the first notice of withdrawal to USCIS. [**EXHIBIT B**, *Email Exchange between Petitioner and ATS*].  The notice specifically communicated to the USCIS California Service Center Director that the H-1B position is no longer being made available to SASIKALA and that they are requesting a withdrawal of the approved petition.

24.     On August 24, 2018, after receiving no response to their previous request from USCIS, ATS submitted a second notice of withdrawal with sufficient identifying information to the California Service Center Director of USCIS. [**EXHIBITS C and D**, *Notice of Withdrawal dated August 24, 2018 and Proof of Delivery*].

25.     On September 21, 2018, after receiving no response to the previous two withdrawal requests, ATS, through its counsel, submitted an emailed request to the USCIS California Service Center. [**EXHIBIT E**, *Emailed Notice of Withdrawal].*

26.     On September 21, 2018, after receiving no confirmation from USCIS that they will act on the numerous requests previously submitted, SASIKALA herself submitted an "URGENT NOTICE OF WITHDRAWAL OF I-129 AND CANCELLATION OF CHANGE OF STATUS." [**EXHIBITS F and G**, *Urgent Notice of Withdrawal dated September 17, 2018 and Proof of Delivery with Signature*]. In the aforementioned notice, SASIKALA provided, *inter*

*alia*, a copy of the notices previously mailed by her employer as well as her own signed affidavit, sworn to under the penalty of perjury, requesting withdrawal of the change of status request.

27. As provided under the governing regulation "the approval of any petition is automatically revoked if the petitioner goes out of business or files a written withdrawal of the petition." 8 CFR § 214.2(h)(11)(ii).

28. Moreover, according to USCIS published guidance, a change of status to H-1B will be prevented if the student makes sure that USCIS receives a withdrawal request from the petitioner before the H-1B change of status goes into effect. [**EXHIBIT H,** *USCIS Alert: Extension of Post Completion Optional Practical Training (OPT) and F-1 Status for Eligible Students under the H-1B Cap-Gap Regulation*].

29. In light of the above regulation and guidance, and the numerous withdrawal requests submitted to USCIS by ATS and SASIKALA, the ATS petition approval and associated change of immigration status of SASIKALA were automatically revoked prior to October 1, 2018, the first day of the validity period of the approved petition.

30. Despite the numerous communications and requests made by ATS and SASIKALA, USCIS failed to even acknowledge receipt of the delivered filings and communications, much less take action on the same.

31. Despite the automatic revocation of the H-1B petition and associated change of status approval, USCIS changed SASIKALA's status from an F1 Student with OPT to that of an H-1B employee on October 1, 2018.

32. On October 29, 2018, despite clear errors on the part of USCIS in recognizing the withdrawal of the H-1B petition, SASIKALA took it upon herself to file a Form I-539, ,

Application to Change Non-Immigrant Status (hereinafter "Form I-539") in hopes that USCIS would recognize their errors and reinstate or change her status back to an F1 Student with OPT authorization. [**EXHIBIT I**, *I-797 Notice of Action on Form I-539*].

33.   On April 16, 2019, USCIS further compounded on its errors and denied SASIKALA's Form I-539. [**EXHIBIT J**, *Denial Notice dated April 16, 2019*].

34.   Firstly, the USCIS Director erred in law by failing to recognize that the filing was made pursuant to USCIS guidance to provide USCIS an opportunity and a forum to fix its own errors. [**EXHIBIT H,** *USCIS Alert: Extension of Post Completion Optional Practical Training (OPT) and F-1 Status for Eligible Students under the H-1B Cap-Gap Regulation*].

35.   Secondly, the Director erred in fact by failing to recognize that the Form I-539 specifically requested a "change of status back to F1 OPT from H-1B."

36.   Thirdly, the Director erred in law and in fact by denying the reinstatement and change of status requests based on the Form I-539 not being filed with a new Form I-20, Certificate of Eligibility for Non-Immigrant Student, requesting reinstatement. [**EXHIBIT J**, *Denial Notice dated April 16, 2019 at p. 3*]. If the Director had reviewed USCIS guidance and our memorandum, he would have recognized that the procedure outlined by USCIS does not require a new Form I-20, rather it requires a "data fix" request to be made in the Department of Homeland Security electronic Student and Exchange Visitor Information System ("SEVIS") used by the Designated School Official ("DSO"). [**EXHIBIT H,** *USCIS Alert: Extension of Post Completion Optional Practical Training (OPT) and F-1 Status for Eligible Students under the H-1B Cap-Gap Regulation*].  However, before such a data fix request can be made, the DSO of the school needs an acknowledgement letter from USCIS confirming receipt of the withdrawal request, which was never sent by USCIS.  [*Id*].

37.     Finally, the Director erred in law by denying the Form, I-539 on an erroneous conclusion that the Petitioner is not a "bona fide" student as defined in Section 101(a)(15)(F)(i). [**EXHIBIT J**, *Denial Notice dated April 16, 2019 at p. 3*].  The Director's sole reasoning for making such a conclusion is that the Petitioner seeks to continue the use of her OPT Employment Authorization as she has completed her Master's degree, which allows for the OPT.

38.     Any finding that the Petitioner is not a "bona fide" student is contradictory to 8 C.F.R. §214.2(f)(10)(ii), which states in part that only "*a qualified student* may apply for an extension of OPT while in a valid period of post-completion OPT authorized under 8 C.F.R. §274a.12(c)(3)."   Petitioner was previously granted OPT approval by USCIS under the aforementioned regulation.

39.     As a result of Respondents' aforementioned actions, the Petitioner is now deemed out of status and, according to USCIS, unlawfully present in the U.S.  As such, she is in jeopardy of losing her employment opportunity and being removed from the U.S.

## Count 1- VIOLATION OF THE APA
Respondents' unauthorized changing of Petitioner's immigration status from an F1 Student to an H1B Non-Immigrant Worker

40.     All prior paragraphs are re-alleged as if fully stated herein.

41.     Petitioner has a clear right to continue her status in F1 with OPT authorization pursuant to 8 C.F.R. §214.2(f)(10)(ii).

42.     Respondents have a duty to recognize the automatic revocation of the H-1B petition and the associated change of status filed by ATS pursuant to 8 CFR § 214.2(h)(11)(ii).

43.     The duty owed to Petitioner is ministerial and so plainly prescribed as to be clear and free from doubt.

44.     No other adequate remedy is available to Petitioner.

45.     Respondents have failed in their duty to recognize and to give effect to the withdrawal and resulting automatic revocation of ATS's H-1B petition and change of status request.

46.     Respondents have further failed in their duty as to Petitioner by changing her status despite her timely notice of the withdrawal, her request to the contrary and her further compliance with the requirements under USCIS guidance.

47.     Respondents' actions in this case are, as a matter of law, arbitrary, capricious, in violation of Petitioner's rights and not in accordance with the law.

48.     Respondents have violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as they have failed to carry out the adjudicative functions delegated to them by law with regard to Petitioner's case.

### Count 2- VIOLATION OF THE APA
<u>Respondent's arbitrary and unlawful adjudication of Petitioner's Form I-539, Application to Change Non-Immigrant Status</u>

49.     All prior paragraphs are re-alleged as if fully stated herein.

50.     The Petitioner qualifies and has a clear right to an approval of her Form, I-539 and a change of her status back to F1 student status with OPT authorization under 8 CFR 214.2(f), USCIS published guidance, and the authorizing sections of the INA.

51.     Respondents' actions, including the denial of Petitioner's Form I-539 and her request for a change of status back to an F1 student with OPT authorization, are in violation of 8 CFR 214.2(f), USCIS published guidance, and the authorizing sections of the INA.

52.     Respondents' actions are arbitrary and capricious, an abuse of discretion, and otherwise not in keeping with the law.   As such, Respondents' actions are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, the Petitioner respectfully prays:

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating that the Respondents reopen and adjudicate Petitioners' Form I-539 in accordance with the pertinent laws, regulations and USCIS guidance.

2. In the alternative, that the Court compel Respondents, and those acting under them, to update the Petitioners' immigration records to reflect that she was at all times maintaining her status as an F1 student with OPT authorization, and to provide official documentation confirming the same;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  May 2, 2019                              Respectfully submitted,

                                                              /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (P75111)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
***Counsel for Petitioner***

11